Mr. Goldberg, we'll hear from you. Thank you, Your Honor. May it please the Court, my name is Dan Goldberg and I represent Mr. Unverzagt in this appeal. The District Court erred in denying Mr. Unverzagt's 2255 motion because it failed to determine whether his sentence rested on the now void ACCA residual clause. You can raise that lectern. There's a button on the right there. Thank you, Your Honor. Your predecessor had lowered it. So it's our position that this case must be remanded for the District Court to make that Walker determination in the first instance based on this Court's Walker case. And in denying Mr. Unverzagt's 2255 motion, the District Court error was clear. It relied on Sykes to conclude that Missouri burglary is still a qualifying predicate offense. We now know that's incorrect because Naylor has overruled Sykes and therefore it's not a qualifying offense. Here all the parties agree that the record's silent as to whether or not the District Court when originally sentencing Mr. Unverzagt relied on the enumerated offense or the residual clause. We affirmed on the basis of the enumerated offense, though, didn't we? I think that's ambiguous, and let me explain why. The direct appeal opinion cites to Haskell. And Haskell in turn states that second degree burglary poses a serious potential risk for physical injury. The government argued on direct appeal that this court should rely on the residual clause. In its brief, the government argued, quote, This court, a long, unbroken line of cases, has repeatedly held that the commercial burglary constitutes a crime of violence under the otherwise clause. That's page 16. But let's just say, for argument's sake, you're right. That this court did rely on the enumerated offense clause. I don't think that's correct, but again, I'm just going to go with that assumption. I don't think that's the relevant inquiry under Walker. I think the relevant inquiry is what the district court relied on in sentencing him. And I think that's what the Walker test is all about. We have to remand to see what was going on with the district court. I think that's both in Walker and Walker's progeny. Well, let me ask you this. Is that really what Walker is about? If the judge subjectively said, I'm sentencing this person based on the residual clause. But the law at the time was settled that the offense counted under both the residual clause and the force clause. Are you saying that the defendant would get relief if the judge said, I'm using the residual clause, but would not get relief if the judge was silent? Well, I think so, and let me- You think that's what Walker requires, that we treat those two people differently? I think it's a good question. But if the district court is saying, I'm relying on the residual clause exclusively, and that's unconstitutional, I think that's in the story. I don't think the case law then has any bearing about- Why not? That's my question. Maybe that's what Walker, I'm not sure whether Walker says that. But why should that be the rule if the judge had no choice but to impose the enhancement based on both the residual clause and the force clause? Why shouldn't we say that's a force clause case, whatever the judge said? Well, I think for two reasons. First of all, obviously, I think we disagree, my client does, with the holding of Walker at all. That in the first instance, that's wrongly decided, because we should analyze this issue using contemporary case law. And it's just a matter of prejudice at that point. And so nothing should prevent, I don't think we should be stuck in time and looking at, well, what was the case law 10 years ago or 15 years ago? And then that becomes arbitrary. Because you have, right now, I think, in district courts, people getting Walker relief. Not only Walker remands, but you have cases where the defendants are winning based on this identical issue. And so I think there is- Because the district courts are not following the circuit law? No, they're following Walker. There is a case that we cite in a Rule 28J letter last week, and it is called the- Well, we have the letter, but what do you mean they're winning on what theory? Well, in the Coldwell case, a judge here in St. Louis, in the Coldwell case, applied the Walker test. And said that Missouri, Berkeley, that that defendant could show by preponderance of that he was sentenced based on the residual clause under the Walker test. So I think that's illuminating. You mean because of the law at the time? Correct. Correct. So- Whereas Haskell, in this direct appeal, the Court of Appeals arguably said Haskell counted the burglary under the enumerated clause. Arguably. Again, I think it's ambiguous as to what the District or the Court of Appeals is doing. And so we don't want ambiguity. Well, the parenthetical says building or structure in this generic definition is broad enough to include both a commercial building and a residence. That's true, Your Honor. What do you think they mean by generic definition? Generic burglary? Potentially, yes. But I think when you have them citing also the Haskell, you have this un-clarity. And I think overall, you have this Walker test that says remand to see what was in the district court's head. I mean, I think that's unambiguous is that it's the district court- Well, you've already said the record is no help there, right? It's silent, but you do have the legal environment test, which I do think- Isn't that a question of law? I don't think that's what Walker holds. I think it is- What about these post-Walker cases? Well, I think- The Dembrey and Golan vote, don't they say it's a question of law? They do, Your Honor. But I think they, I think your concurring opinion in goal of a Knox makes clear that I think the governing opinion should be Walker because it was- Well, but the way it works is, you know, the law is hashed out case by case. And that's not how Walker's been applied. Well, I think it has in other cases. And again, I have a Rule 20HA letter to this, where there have been Walker remands since Walker. And there's been at least three cases since February, 2018. But aren't those cases, don't they involve situations where the record is not conceitedly silent? I thought that they were silent record cases, because I think that's the basis for the remand is to see what the district court relied on, the residual clause and the enumerated offense clause. And I think- I mean, the record in Walker was said to be sparse. I guess that's different than silent. You know, on Walker, I think there was a concession that it was silent. I don't think that's so. You don't think so? What's the difference? You mean, if it's sparse, then it might be something there that would tell us what the district judge had in mind, that the court of appeals can't tell on its own? Judge Calton, I think you're right. I mean, the difference between sparse and nothing, I don't know if there is a distinction. Well, there must be, because Walker remanded based on a sparse record, whereas the silent record cases, we've said we can proceed, I guess, on legal environment. I'm sorry if I made that unclear. I think all these cases should be remanded. All the Walker cases should be remanded. I think there should be a consistency in that, and I think that's what we argued in Walker, in the petition that we're hearing. What's the point of doing that if the record is completely silent, and we're left with a legal question, what the legal background is? Why can't this court look at that and make the decision? Why send it back to the district court to force them to do that? Again, I think that's the same thing we argued in Walker, and not withstanding that argument, it was remanded, and I think to have that consistency, we should stick by that hold-in, and when you have other defendants winning in the district court on that issue, I think that that consistency should be followed up. Why shouldn't it go the other way and not remand any of them? I mean, we have the record of what happened at the sentencing, so we can read it, and we can say the judge relied on one or the other, or the record doesn't show, and then we're into legal background. I think you're right, Your Honor. I mean, had Walker not been decided the way it was, it was, I think, a legal issue, but I think Walker held what it did, but let's just say it is a legal issue. I think he still prevails, Mr. Hunter's at, based on Judge Kelly's dissent or concurring opinion, that the legal environment makes it unambiguous that the residual clause was the home for Missouri burglary. In this case? I think in all Missouri burglary cases. That it had to be a residual clause decision. That a preponderance of evidence that it would be a residual clause, and we know that based on case law, based on the arguments the government's made, and now based on contemporary case law. Well, they've argued, you mean they argued at the time that it was covered by the residual clause. There's no doubt about that, but the question is whether it was also covered by the force clause. You mean the enumerated offense? Enumerated offense. Yeah. I'm sorry. Not the force clause. Some of these cases involve force clause, but this is an enumerated clause. Right. Yeah. And, and of course Mathis and Naylor and all these cases say it doesn't. Yeah, but those are later. Right. And I think- Talking about what the judge did at the time. It's true. It's true. What's true? That it counted at the time as a burglary? That it could fall in the enumerated offense. I think that there was some bad case law that was wrongly decided at that time. Right. But that doesn't entitle it. We've been through this, right? You don't get retroactive application of Mathis. Right. And again, we respectfully disagree with that analysis. So I guess I have layers of thought that I have to espouse in order to make my record here. Do we have the authority to reverse it? Absolutely. I think you have under Walker, I think you have the mandate to follow Walker because- No, no, there were wrongly decided cases now that we know Mathis. Right. And, you know, can we, I mean, if it's not retroactive, how do we revisit that? Well, am I speaking English? Sometimes I don't. No, you absolutely were speaking English. And I think it's a great point, Your Honor. The thing about this is that if a judge says, I'm relying on a residual clause and I'm going to sentence you to 15 years because you have three burglar convictions, the retroactivity of Mathis or Naylor is irrelevant, right? Well, that's my question. Why is it irrelevant? Just because the judge says that. If the judge down the hall says, I'm required by Eighth Circuit law to say this is an enumerated. Burglary. And it's the same purse, same, same prior conviction. Why shouldn't they be treated the same? Well, but they're not all treated the same. You have a burglary of a building and versus burglary of an habitable structure in Missouri. And you have all these nuances. And so- I'm taking two building guys. Okay. And the Eighth Circuit said it counts as a generic burglary and it counts as a residual clause. Well, what if in one case, the court actually looks to the facts of the offense and someone wasn't home at that time. And then there's another offense where somebody's home. And so there's layers and layers of arbitrariness that we can inject in it. And we can hypothesize in a hypothetical of how arbitrary that is. And that's what I think Johnson was all about is eradicating this arbitrariness and going from courtroom to courtroom. And, and, and so I, that's my thoughts. All right. Well, thank you for your thoughts, Mr. Goldberg. We'll, we'll hear from Mr. Kelleher. Yes. Good morning. Good morning. May it please the court. I'm Jim Kelleher, appearing on behalf of the United States. Unfortunately, Judge Colathan, I think, stole my thunder. What do you mean? What I mean is the fact that we're looking at a legal environment back in 2005, where burglary of a building was quite clearly a enumerated felony under the Armed Career Criminal Act. And there were a multitude of cases, mostly under 4B1.2, where commercial burglaries were deemed to be violent felonies under the guidelines. And at some point they became conflated to a certain extent, but there is no question that when Judge Smith imposed sentence, the ruling in Taylor applied. That is the unprivileged entry into a building with the intent to commit a crime therein was generic burglary. That had been the case since 1990 when that case was decided and it was unchanged largely until Mathis. I can speak to the legal environment at the time. Between 2002 and 2008, I prosecuted nothing but gun cases under Project Safe Neighborhoods. During that period of time, the Western District of Missouri prosecuted among the most gun cases in the United States of America. I believe in 2005 or 2006, I became a prosecutor who handled the most gun cases in the Western District of Missouri. There was never a time where anyone expressed any hesitancy whatsoever about finding the burglary of a building to be covered under the Armed Career Criminal Act. We can't really go by your testimony. And I understand that. If there's a case that says that, is it Haskell, the best case that you think? Well, Haskell obviously was an analysis of 4B1.2. And the difference with 4B1.2 from burglary under the Armed Career Criminal Act is the Sentencing Commission opted to insert the word dwelling into 4B1.2. And consequently, the Eighth Circuit had to look at that definition somewhat differently from the way they examined the word burglary in 924E. And ultimately, they concluded that burglary under any guise essentially fell into the residual clause of 4B1.2. Nevertheless, that never changed the fact that burglary of a building was always generic burglary as that term is defined in 924E. There's never been... What's the best Eighth Circuit case from the time that said that, do you think? I mean, Unverzat said that. The holding in Unverzat, the very first case it cites is Taylor. I don't think there were an awful lot of cases that challenged the determination that a person was an armed career offender under 924E predicated upon as burglary offense. There were not an awful lot of direct appeals because it was fairly apparent under Taylor, frankly, either a burglary of a building or even a burglary of an inhabited structure. So what do you say about the question whether this case should be remanded in light of Walker for the district court to decide? I absolutely don't think it needs to. And in fact, even if Judge Smith at the time of the sentencing said, I'm relying on the residual clause, we'd have to presume that Judge Smith was unaware of the fact that a business burglary or building, a burglary of a building, excuse me, was not also covered by the enumerated clause. We'd have to presume he didn't know that law in order to make the requisite finding under Walker. That is that he relied exclusively under the residual clause. And I don't think that can be said. In fact, if you look at the record, the sentencing transcript, and obviously it's been quite a long time. Well, what do we do with the part of Walker that says it's a factual question? And if the, if the record is clear that the judge relied on the residual clause, how do we apply Walker then? That, that I don't know, Your Honor. Um, I, I obviously in this case, that's, that's not an issue because clearly the judge did not say.  The record here is silent. In the district court? To a certain extent. And I say that because the transcript does make reference. Um, the defense attorney who, who represent Mr. Ron Verzette quite clearly stated the Eighth Circuit is against the defendant on the question as to whether or not the second degree burglary is a violent felony for the purposes of 924E. That was acknowledged at the outset of a hearing. Judge Smith then went on to say, well, I think you're right. I think the law of the circuit is against your client on this issue. And of course, I'm required to follow the law of the Eighth Circuit. So I'll note your objection, but overrule it. Moreover, Your Honor, when I came to this hearing so many years ago, um, the only thing, actually the judge didn't even entertain argument for me, but I did introduce the, um, records of his conviction. The only reason why I would have done that is to ensure, um, for the purposes of appeal, that I made it clear that it was an enumerated clause conviction. If we were relying on the residual clause, there would have been no need to rely on the charging documents. We simply would have pointed to the statute. Um, so to that extent, uh, there is some evidence and, and obviously it's not overwhelming evidence, uh, that we were looking at this as an enumerated clause case. Um, and obviously, you know, at the time, I think there was, there would have been an equal amount of support for imposing the sentence on the residual clause as well. But there is no question that burglary of a building fit the enumerated clause of the Armed Career Criminal Act. And that was really not called into question until Mathis. And really not until Naylor did we really get into a situation where we've now abandoned, uh, the finding that, that a burglary of a building is not, is no longer a ACCA predicate. Um, with regard to the Caldwell case, um, I did review the ruling of that district court case. And again, where there was kind of confusion during this period of time, it was exclusively, um, in the realm of the meaning of burglary within 4B1.2. And unfortunately the judge in Caldwell cited a long list of 4B1.2 cases for the proposition that the residual clause infected the decision-making back in the early 2000s. And unfortunately, I think she overstated what the legal background was at the time. And while there was certainly some confusion, um, with regard to 4B1.2, that never really infected the Armed Career Criminal Act because again, we weren't dealing with a burglary of a dwelling. We're always dealing with generic burglary. Um, I do have additional time left. However, I don't believe I have anything to add. Uh, I would respectfully urge this court to affirm the ruling of the district court. Thank you. Very well. We'll give you a couple of minutes for a bottle, Mr. Goldberg, if you'd like it. Thank you, Your Honor. I'd love that. I think I'd like to start off with the issue that the government in this very case, um, conceded upon the motion to stay that the Walker test was going to the identical issue, um, and numbered that as in Walker. Um, so I think it flows from that, that concession that the same result should flow as well. Um, and so I think that's, what's troubling to me is that, um, you know, we, we have the chance of having inconsistent results. Um, Mr. Walker is currently in front of the district court. Um, he may get relief. Um, he may not, I don't know. Um, but I think Mr. Unreset should be given the same opportunity to prove by preponderance of evidence that his sentence rests on the residual clause. And just last week, there was another case, Michael Smith in the Western district of Missouri. Another gentleman with ACCA sentence based on Missouri burglary convictions and district court granted relief, um, on his 2255. So I just do, that would be my cautionary tale is that, um, uh, while we have initially objected to the Walker remand in Walker, now that that's the rule, I think it should be uniformly applied. What was the basis for relief in the Michael Smith case? Um, it was a similar case, um, where I think Missouri burglary was the term of issue, um, that, but without that Missouri burglary conviction. Um, But I mean, what was the judge's rationale? Well, um, I think his rationale, um, was the same in this 2255 motion. I think, uh, uh, you know, and his ruling Walker, I wasn't the judge on that case. So I don't know. I know you weren't the judge. I thought you might've been the lawyer. I wasn't, Your Honor. I was not. Well, you brought it up. I just thought. You're no, I just know the result. All I know is the outcome. All right. Well, very well. The case is submitted. Thank you for your arguments. The court will file an opinion in due course. Thank you, Your Honor. That concludes the, uh, argument calendar for this morning. The court.